IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO. 2:05cr19

MICHAEL KEVIN HARRIS
a/k/a "GIZMO,"

Defendant.

ORDER/OPINION GRANTING GOVERNMENT'S MOTION TO DETAIN

On the 24th day of July 2006, came the United States by Stephen Warner, its Assistant United States Attorney, and also came the defendant, Michael Kevin Harris, in person and by his counsel, Jonathan Fittro, for hearing on the motion of the United States to detain the defendant pending sentencing. Thereupon, the matter came on to be heard upon the government's motion to detain; upon the duly sworn testimony of Defendant; and upon the argument of counsel for defendant and the Assistant United States Attorney.

**A. Contentions of the Parties**

The government contends that it is unlikely that Defendant would be able to convince the Court by clear and convincing evidence, that he is not likely to pose a danger to the community.

The defendant contends that he is not a flight risk or a danger to the community, and also contends he can reside with his grandmother, and wishes to able to visit with his young son before being incarcerated on the federal charges. He also argues that he is well aware that any violations at this time would result in his loss of the benefit of his plea agreement, and also the loss of acceptance of responsibility.

**B. The Standards**

Title 18 § 3143(a)(1) of the United States Code provides:

Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) . . . .

**C. Discussion**

The Court understands the reason provided by Defendant for his release is to see his son before he is incarcerated on the present federal charges. The Court, however, notes that Defendant has not seen his son for the year he has been in State custody on drug charges. Nor has the Court heard any evidence that Defendant attempted to make any contact with his son through letters or telephone calls during this time. This desire to see his son at this time is therefore amorphous, with little detail as to the arrangements that would need to be made for such visitation. Significantly, the police have responded on at least three occasions to domestic violence calls related to Defendant and the child's mother. Although the domestic battery charges have all been dismissed, there is no doubt Defendant's relationship with the child's mother is volatile.

The Court further has grave concerns regarding putting Defendant back into the same environment that led him to be charged with the State drug crimes for which he is serving time, including conspiracy and methamphetamine charges.

**C. Conclusion**

Applying the legal standards herein set forth, and in addition to the reasons set forth on the record of the detention hearing, the Court finds Defendant has not met his burden of convincing the

Court by clear and convincing evidence that he would not represent a danger to the community if released pending sentencing.

The Court therefore **GRANTS** the government's motion to detain and denies Defendant's request for release on bond pending sentencing, without prejudice.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: August 1, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE